**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

MAY 29 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> AARON JOSEPH CUNNINGHAM, <br><br> Defendant - Appellant. | No. 24-3021 <br><br> D.C. No. <br> 2:22-cr-00061-RMP-1 <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Rosanna Malouf Peterson, District Judge, Presiding

Submitted May 22, 2025[**]
Seattle, Washington

Before: GOULD, TALLMAN, and CHRISTEN, Circuit Judges.

Deputies from the Pend Oreille County Sheriff's Department arrested Aaron Joseph Cunningham pursuant to an outstanding warrant after stopping him on a single-lane, private road. The deputies called for a tow, and the tow company later found loaded handguns in the car's glovebox. A jury convicted Cunningham of

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

being a felon in possession of firearms and ammunition, pursuant to 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Cunningham appeals the district court's order denying his motion to suppress.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review *de novo* the district court's ruling on the motion to suppress and review for clear error the trial court's factual findings. *United States v. Torres*, 828 F.3d 1113, 1118 (9th Cir. 2016). We affirm the district court's order.

The district court denied Cunningham's motion to suppress on the basis that the community caretaking doctrine justified the deputies' decision to tow the car Cunningham was driving when he was arrested. In assessing whether the community caretaking doctrine justifies a vehicle seizure, "we must examine whether this seizure is reasonable based on all of the facts presented." *Miranda v. City of Cornelius*, 429 F.3d 858, 864 (9th Cir. 2005). "Whether an impoundment is warranted under this community caretaking doctrine depends on the location of the vehicle and the police officers' duty to prevent it from creating a hazard to other drivers or being a target for vandalism or theft." *Id.*

The district court did not clearly err in finding that the vehicle created a hazard by blocking the single-lane, private road and preventing other vehicles from passing, including emergency vehicles. "The authority of police to seize and remove from the streets vehicles impeding traffic or threatening public safety and

convenience is beyond challenge." *South Dakota v. Opperman*, 428 U.S. 364, 369 (1976). We have applied the community caretaking doctrine in cases where vehicles were stopped in the road and obstructing traffic. *See, e.g.*, *United States v. Johnson*, 889 F.3d 1120, 1126–27 (9th Cir. 2018); *United States v. Jensen*, 425 F.3d 698, 706 (9th Cir. 2005). Our caselaw does not preclude the application of this doctrine simply because the road is private. *See, e.g.*, *Torres*, 828 F.3d at 1120 (private apartment complex lot); *Ramirez v. City of Buena Park*, 560 F.3d 1012, 1025 (9th Cir. 2009) (private drug store parking lot).

Cunningham's other arguments are unavailing. The seizure here was "reasonable based on all of the facts presented." *Miranda*, 429 F.3d at 864. Cunningham "has failed to show that the officers' decision to . . . impound his car 'would not have occurred in the absence of an impermissible reason.'" *Johnson*, 889 F.3d at 1126–27 (quoting *United States v. Orozco*, 858 F.3d 1204, 1213 (9th Cir. 2017)). Contrary to Cunningham's argument, the deputies reasonably fulfilled their obligation pursuant to the Pend Oreille County Sheriff's Office towing policy. Specifically, the officers considered alternatives to towing and used the contracted towing firm as alternatives were not available.

**AFFIRMED.**